**THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**
**MARTINSBURG**

**PAUL NARKIN,**

     **Plaintiff,**

**v.**                                                         **CIVIL ACTION NO. 3:07CV118**
                                                              **(Judge Bailey)**

**MARILYN LOGSDON, ROBERT**
**LOGSDON, and THOMAS HOARD,**

     **Defendants.**

## ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

On June this day, the above styled matter came before the Court pursuant to a Motion to Dismiss [Doc. No.10] filed by defendant, Marilyn Logsdon Wollard, and the Answer [Doc. No. 7] filed by defendant, Robert Logsdon.  The grounds for Ms. Logsdon-Wollard's Motion are lack of subject-matter jurisdiction and improper venue, pursuant to Fed. R. Civ. P. 12(b)(1), 12(b)(3), respectively, which are also raised in Mr. Logsdon's Answer [Doc. No. 7].  For the reasons stated in this Order, the Motion to Dismiss as to Marilyn Logsdon Wollard is **GRANTED**, and Marilyn Logsdon Wollard and Robert Logsdon are hereby **DISMISSED** from this case for lack of personal jurisdiction and improper venue.

The defendants argue that this Court should dismiss the above matter pursuant to Fed. R. Civ. P. 12(b)(2) because this Court lacks personal jurisdiction over them.  In a diversity action, a federal court's exercise of personal jurisdiction is limited by the long-arm statute of the forum state.  See Fed.R.Civ.P. 4(e).  In this case, the West Virginia long-arm statute, W.Va. Code § 56-3-33, is co-extensive with the limits of due process under the U.S. Constitution.  ***Touchstone Research Lab, LTD. v. Anchor Equipment Sales, Inc.***,

294 Supp.2d 823, 827 (N.D. W.Va 2003). Accordingly, to determine whether the exercise of personal jurisdiction is proper in this case, the Court need only analyze whether the exercise of personal jurisdiction over the defendant comports with a Fourteenth Amendment due process analysis. For purposes of this inquiry, on a pretrial motion the plaintiff need only make a prima facie showing of personal jurisdiction. *Carefirst of Md., Inc. v. Carefirst Pregnancy Centers, Inc.*, 334 F.3d 390, 396 (4th Cir. 2003).

There are two forms of personal jurisdiction - specific and general. *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 (1984). When a defendant's contacts with a State are not the basis of an action, then "jurisdiction over the defendant must arise from defendant's general, more persistent, but unrelated contacts with the state." *Carefirst of Maryland, Inc. v. Carefirst Pregnancy Centers, Inc.*, 324 F.3d 390, 397 (4th Cir. 2003). The defendant's contacts and actions in the state must have been "continuous and systematic." *Id.* General jurisdiction is more difficult to establish because the plaintiff must show that the defendant had sufficiently extensive contacts with the forum state apart from the acts alleged in the complaint. *See Helicopteros* at 414-16. The hallmark of general jurisdiction is that the defendant's contacts must be so extensive that he should reasonably foresee being haled into court in the forum state. *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980).

Applying the standards of general personal jurisdiction to this case, it is clear that this Court does not have personal jurisdiction over Marilyn Logsdon Wollard or Robert L. Logsdon. First, the defendants have not had continuous, systematic, or extensive contacts with West Virginia. Furthermore, neither defendant has purposely availed himself or herself to the privileges of West Virginia so much so that either could reasonably anticipate being

haled into court in West Virginia.  Therefore, it is not reasonable for this Court to exercise jurisdiction over Marilyn Logsdon Wollard or Robert Logsdon.

Next, the defendants also argued that this Court should dismiss the above matter pursuant to 12(b)(3) because venue is not proper in this Court.  According to 28 U.S.C. 1391(a), when federal jurisdiction is founded solely on diversity of citizenship, venue is proper in:

> (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(a) (2008).

In this case, all the defendants reside in Maryland, and the events giving rise to this lawsuit occurred in Maryland.  Furthermore, neither Marilyn Logsdon Wollard or Robert Logsdon were subject to personal jurisdiction in this District at the time when this action was commenced.  It is apparent that venue is not proper in this Court.

Accordingly, the Motion to Dismiss [Doc. No. 10] filed by Marilyn Logsdon Wollard is hereby **GRANTED** and she is hereby **DISMISSED** as a defendant in this case. Furthermore, defendant Robert L. Logsdon is hereby **DISMISSED** as a defendant in this case in accordance with the defenses raised in his Answer [Doc. No. 7].

It is so **ORDERED**.

The Clerk is hereby directed to transmit copies of this Order to counsel of record.

**DATED**:   February 19,  2008.


JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE